```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

                                               15 Cr. 721

     -against-                                 OPINION


CARL LIGHTS,

                  Defendant.

------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiff

          PREET BHARARA
          U.S. Attorney for the S.D.N.Y.
          One St. Andrew's Plaza
          New York, NY 10007
          By:  Jilan J. Kamal, Esq.


          Attorneys for Defendant

          PELUSO & TOUGER, LLP
          70 Lafayette Street
          New York, NY 10013
          By:  David Touger, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/16

**Sweet, D.J.**

The Government has moved for four motions *in limine* requesting that this Court:

1. Preclude the defendant, Carl Lights ("Defendant" or "Lights"), from arguing that there was an unlawful, pretextual, or otherwise improper arrest or search in this case;

2. Permit the Government, in the event the Defendant disclaims his intent, motive, knowledge, or opportunity to use or carry a firearm in furtherance of his alleged narcotics trafficking activity, to introduce evidence, pursuant to Federal Rule of Evidence 404(b), of the Defendant's 2007 convictions for narcotics trafficking and carrying a firearm in furtherance of that trafficking, in order to prove the Defendant's intent, knowledge, opportunity, and absence of mistake or accident in carrying or using a firearm in connection with his alleged narcotics trafficking activities in or around September 2015;

3. Preclude the Defendant from introducing evidence of the mandatory minimum sentence he faces if convicted;

4. Preclude any cross examination of New York Police

1

Department ("NYPD") Officer Gregory Hernandez ("Officer Hernandez") regarding a substantiated, unrelated CCRB complaint from 2015 because the complaint does not bear on Officer Hernandez's credibility pursuant to Federal Rules of Evidence 608(b) and 403.

The motions were unopposed. Based on the findings and conclusions set forth below, the Government's motions are granted.

**Prior Proceedings**

Lights was indicted on October 21, 2015 for three counts of being a felon in possession of a firearm; one count of narcotics possession with intent to distribute; and one count for the use, carrying, or possession of a firearm during or in relation to a drug trafficking crime. His final, superseding indictment, entered August 25, 2016, added a second count of narcotics possession with intent to distribute.

On September 23, 2016, the Defendant's motion to suppress evidence obtained after the traffic stop and after a subsequent search pursuant to a search warrant was denied in its entirety.

The Government filed the instant motions *in limine* on November 23, 2016. The motions were heard and marked fully submitted on December 1, 2016.

The action is set for trial on December 6, 2016.

**The Facts**

Familiarity with the facts of this case and the Court's September 23, 2016 opinion are presumed.

**Defendant is Precluded from Questioning, Arguing, or Asserting that the Traffic Stop, his Arrest, and the Searches of the Apartment and Store Were Unlawful, Pretextual, or Improper**

The Government moved to preclude the Defendant from arguing or otherwise asserting or suggesting at trial that his arrest, the search of his vehicle incident to arrest, and the searches of his home and business were unlawful, pretextual, or otherwise improper. This motion *in limine* seeks enforcement of the Court's previous September 23, 2016 suppression opinion. For the reasons stated in the Court's suppression opinion, this motion is granted.

When a prior proceeding finds that there was probable cause, "materials seized pursuant to a lawful arrest based on probable cause are clearly admissible." *United States v. Malizia*, 429 F.Supp. 492, 495 (S.D.N.Y. 1977) (internal citations omitted). Here, on September 23, 2016 the Court denied Defendant's motion to suppress and found that there was probable cause for the arrest and searches because the traffic stop was based on probable cause that the Defendant's vehicle did not come to a complete stop. (Dkt. No. 37, p. 14.) The Court determined that the Officers testimony was credible and consistent and found no basis other than Lights' self-serving affidavit for the proposition that he made a legal stop at the intersection. (Dkt. No. 37, p. 14-15.) For this reason, there was no Fourth Amendment violation. The stop and subsequent searches were all based on valid probable cause. *Id.*

This issue has been litigated and decided. No reference to the illegality of the stop or subsequent searches will be permitted at trial based on the Court's September 23, 2016 suppression decision.

**Evidence of the Defendant's 2007 Prior Convictions and Underlying Conduct Will Be Admissible if the Defendant Puts his Intent at Issue**

The Government seeks to admit evidence of the Defendant's 2007 conviction to prove motive, intent, and lack of mistake if the Defendant brings into question his state of mind. The Government raises this motion because they anticipate that the Defendant will raise the defense that he kept a gun for safety concerns and did not understand that possession of a firearm in connection with distributing narcotics violated the law. If the Defendant does present this defense, then the Government will be permitted to admit evidence of the Defendant's 2007 conviction as evidence of motive, intent, or absence of mistake under Rule 404(b) of the Federal Rules of Evidence.

Rule 404(b) permits the admission of "other act" evidence not "to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Further, the probative value of the evidence of the prior conviction must not be substantially outweighed by the danger of unfair prejudice. *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993). In order to admit 404(b) evidence of prior

crimes, the Court must insure that it is: "(1) advanced for a proper purpose; (2) relevant to the crime for which the defendant is on trial; (3) more probative than prejudicial; and, (4) if requested, admitted with limited instruction to the jury." *United States v. Agudelo*, 141 F. App'x 13, 15 (2d Cir. 2005).

The Second Circuit has found that "[w]here intent to commit the crime charged is clearly at issue, evidence of prior similar acts may be introduced to prove that intent." *United States v. Caputo*, 808 F.2d 963, 968 (2d Cir. 1987); *United States v. Zackson*, 12 F.3d at 1182. However, this evidence must be more probative than prejudicial under Rule 403. On the other hand, Rule 403 does not bar evidence of other bad acts that "did not involve conduct any more sensational or disturbing than the crimes with which [the Defendant] was charged." *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990).

Here, if the Defendant raises the defense that he lacked the motive or intent to use the firearms he possessed in furtherance of narcotics trafficking, then the Government will be permitted to introduce evidence concerning the Defendant's 2007 conviction under Rule 404(b). One of the charges in the

6

instant case is § 924(c), felon in possession of a firearm, and one of the key elements of the crime is whether the firearm was possessed "in furtherance of" the charged narcotics offenses. Therefore, Lights' motive and intent will be critical to his case and his 2007 conviction for possessing firearms in furtherance of conspiracy to commit narcotics trafficking was for similar conduct.  In both cases he kept both narcotics and ammunition in a padlocked closet.  The similarities between the two cases are relevant to whether the Defendant was aware that this was illegal conduct and that the instant allegations were not the product of an innocent mistake or accident.

Here, the 2007 conviction is not unfairly prejudicial. The Government has consented to a limiting instruction to the jury.  *United States v. Agudelo*, 141 F. App'x 13, 15 (2d Cir. 2005).  Further the 2007 conviction does not "involve conduct any more sensational or disturbing than the crimes with which [the Defendant] was charged" since the charges are nearly identical except that the narcotics charges in the instant case are substantive, but in 2007 the narcotics charges was for conspiracy.  *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990).

The 2007 conviction will only be permitted to rebut the defense of intent or motive as non-propensity evidence under Rule 404(b) because the potential prejudice does not "substantially outweigh" the probative value of the evidence. *United States v. Zackson*, 12 F.3d at 1182.

**Any Evidence Concerning a Mandatory Minimum Sentence Is Precluded**

The Government seeks to preclude any evidence or argument concerning mandatory minimum sentences or any consequences of a guilty verdict regarding sentencing. The Supreme Court has held that juries cannot consider the consequences of their verdicts because it would violate the "basic division of labor in our legal system between judge and jury." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975).

Further, the court found that "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* Here too, the Defendant may not introduce any evidence or make any references to sentencing, particularly the

mandatory minimum sentence he may face in this case because "[i]nformation regarding the consequences of a verdict is therefore irrelevant to the jury's task." Id.

**The Defendant Is Precluded from Cross-Examining Officer Hernandez Regarding His CCRB Complaint**

The Government seeks to preclude any cross-examination of Officer Hernandez concerning a 2016 Civilian Complaint Review Board ("CCRB") complaint. For the reasons that follow, the complaint is neither relevant nor probative of his character for truthfulness and may not be used on cross-examination.

Rule 608(b) of the Federal Rules of Evidence limits cross-examination regarding "specific instances of a witness's conduct" to situations where the conduct of the witness was "probative of the [witness's] character for truthfulness or untruthfulness." Fed. R. Evid. 608(b). In fact, "Fed. R. Evid. 608(b) prohibits a party from presenting 'extrinsic evidence' of '[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility' unless that conduct was the subject of a criminal conviction." United States v. Crowley, 318 F.3d 401, 417 (2d Cir. 2003).

In this case, the Government plans to call Officer Hernandez at trial because he participated in the surveillance of the Defendant, the ensuing traffic stop, and recovered the bag of marijuana that fell out of the Defendant's vehicle as he fled the traffic stop.

Officer Hernandez received a substantiated CCRB complaint.  A substantiated complaint means that the CCRB investigated the allegations and determined that the acts did occur and constitute misconduct.  In this case, Officer Hernandez was found to have abused his authority for his questioning of an individual during a traffic stop and for not preparing a required stop and frisk report.  He received retraining as a result of these infractions.

However, this substantiated complaint cannot be the subject of cross examination under Rule 608(b) because a substantiated CCRB complaint is not a criminal conviction. Other courts on similar facts have precluded cross examination regarding substantiated CCRB complaints because of the "informal and non-adversarial nature of CCRB proceedings." *United States v. Nelson*, No. 10 Cr. 414 (PKC), 2011 U.S. Dist. LEXIS 60873, at *13-14 (S.D.N.Y. June 2, 2011).

This CCRB complaint against Officer Hernandez does not weigh towards his propensity for truthfulness. In the CCRB determination they found Officer Hernandez's testimony to be credible because it was consistent with the other officer and complainant in all material respects. (Gov't Br. (Dkt. No. 43) at 17.) Even when the CCRB has found an officer to not be credible, the Second Circuit held that the CCRB complaint could not be used on cross-examination because the CCRB ruling "provides nothing of value with respect to [the officer's] motivation to lie about the circumstances of appellant's arrest in the present case." *United States v. Lawes*, 292 F.3d 123, 131-132 (2d Cir. 2002).

For these reasons, cross-examination of Officer Hernandez regarding the CCRB complaint will not be permitted because they do not concern his propensity for untruthfulness under Rule 608(b).

**Conclusion**

Based upon the findings and conclusions set forth above, the Government's motions *in limine* are granted.

It is so ordered.

New York, NY
December  , 2016

                        ROBERT W. SWEET
                            U.S.D.J.