USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

      -against-                15 Cr. 721-1 (RWS)

                                    SENTENCING
CARL LIGHTS,                     OPINION

             Defendant.

------------------------------------X

**Sweet, D.J.**

On December 14, 2015, following a jury trial, Carl Lights ("Defendant" or "Lights") was found guilty of three counts of felon in possession of a firearm, one count of distributing and possessing with intent to distribute marijuana, one count of distributing and possessing with intent to distribute oxycodone, and one count of using and carrying firearms during and in relation to drug trafficking crimes in furtherance of such crimes. Based on the conclusions set forth below, Lights will be sentenced to twenty-five (25) years imprisonment followed by three (3) years' supervised release, subject to the scheduled sentencing hearing on September 25, 2017.

1

## Prior Proceedings

Lights is named in a six-count indictment filed in the Southern District of New York on August 25, 2016. Count One charges that in September 2015, in the Southern District of New York and elsewhere, Lights, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, possessed a .380 caliber Smith & Wesson pistol and at least six rounds of .380 caliber Winchester ammunition, which had previously been shipped and transported in interstate and foreign commerce. 18 U.S.C. § 922(g)(1).

Count Two charges that from September 2015 to October 2015, in the Southern District of New York and elsewhere, Lights, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, possessed a 9-millimeter Ruger F-85 pistol, approximately 62 rounds of 9mm Winchester ammunition, and 18 rounds of 9mm Luger ammunition, which had previously been shipped and transported in interstate and foreign commerce. Id.

Count Three charges that from September 2015 to October 2015, in the Southern District of New York and elsewhere, Lights, after having been convicted in a court of a crime

2

punishable by imprisonment for a term exceeding one year, possessed a .45 caliber Tanfoglio pistol and approximately 57 rounds of .45 caliber Winchester ammunition, which had previously been shipped and transported in interstate and foreign commerce. Id.

Count Four charges that from at least September 2015 to October 2015, in the Southern District of New York and elsewhere, Lights distributed and possessed with intent to distribute marijuana. 21 U.S.C. § 812, 841(a)(1), 841(b)(1)(D).

Count Five charges that in September 2015 to October 2015, in the Southern District of New York and elsewhere, Lights distributed and possessed with intent to distribute oxycodone. 21 U.S.C. § 812, 841(a)(1), 841(b)(1)(C).

Count Six charges that in September 2015, in the Southern District of New York and elsewhere, Lights, during and in relation to the narcotics distribution offenses charged in Counts Four and Five of the Indictment, used and carried firearms, and in furtherance of such crimes, possessed firearms. 18 U.S.C. § 924(c)(1)(A)(i).

On December 14, 2015, Lights was found guilty of Counts One through Six, following a jury trial. Lights is scheduled to be sentenced on September 25, 2017.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

4

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

5

## The Offense Conduct

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

The Department of Homeland Security, Homeland Security Investigations ("HSI") conducted the investigation.

On the morning of September 29, 2015, a sergeant with the New York City Police Department ("NYPD") observed Lights in Bronx, New York walking a dog and carrying two business-type messenger bags and two shopping bags, one of which was black. The sergeant received a radio transmission from police officers parked nearby stating that Lights was observed driving a gray 2004 Range Rover with a particular license plate number southbound down Cruger Avenue. The sergeant then drove in this direction toward Lights.

On the same morning, two NYPD officers ("Officer-1" and "Officer-2") conducting surveillance in an unmarked police car noticed the Range Rover turn right without stopping at a stop sign. The officers followed the Range Rover and activated their

6

police lights. After a few blocks, the Range Rover pulled over into the parking lot of a gas station.

The officers exited the vehicle and approached the Range Rover. As Officer-1 approached the passenger side of the car, Lights lowered the front passenger window, and a strong odor of marijuana emanated from the Range Rover. Officer-1 observed a black shopping bag on the front passenger seat of the vehicle, and the top of the bag was open. Officer-1 noticed a large, clear plastic bag inside the black shopping bag that appeared to be filled with green dried plant material.

The officers told Lights to exit the Range Rover, but Lights refused and starting rolling up the vehicle's windows. Officer-1 observed Lights reach for the gear shift and attempted to open the passenger door to prevent him from fleeing the scene. The passenger door opened, and as Lights sped away from the officers, the black shopping bag that had been resting on the front passenger seat fell out of the open door.

The officers followed the Range Rover as Lights attempted to flee. Officer-1 noticed Lights throwing a black object from the front passenger window of the Range Rover. Approximately a few blocks after tossing the black object from the Range Rover,

7

Lights pulled the Range Rover over to the side of the road and stopped. The officers pulled their vehicle over to the side of the road, removed Lights from the vehicle, and placed him under arrest.

Upon Lights' arrest, Officer-2 recovered approximately $621 in cash from Lights. Once Lights was under arrest, other police units canvassed the area where Officer-1 observed Lights throw the black object from the car. An NYPD officer who responded to the call for back-up recovered a loaded black .380 caliber Smith & Wesson pistol on the east side of Bronx Parkway East, between Warring Avenue and Mace Avenue.

The green plant substance stored in the black shopping bag that fell from the Range Rover tested positive for marijuana and weighed more than one pound.

One of the messenger bags inside the Range Rover driven by Lights contained, among other things, 166 yellow tablets, 62 white tablets, and one-half of a yellow tablet. According to the trial transcript, the pills were tested by the NYPD police laboratory controlled substance analysis section and determined to be oxycodone; 166 pills were 10-milligram pills of oxycodone,

and 62 pills were 20-milligram pills of oxycodone, for a total of 228 pills of oxycodone.

On October 6, 2015, court-authorized search warrants were executed at the residence of Lights located at 2215 Cruger Avenue, Apt. 3C, Bronx, New York, and at his business located at 3370 Hull Avenue, Bronx, New York. At Lights' residence, agents recovered approximately three pounds of marijuana; a 9-millimeter Ruger P-85 pistol, loaded with 15 rounds of ammunition ("Firearm-2"); 80 9-millimteter rounds of ammunition; 48 .45 caliber rounds of ammunition; 18 .380 caliber rounds of ammunition; a Seaton money counter; a Ziploc heat sealer; and several roles of Ziploc bags. At his business, agents seized two pounds of marijuana; a .45 caliber Tanfoglio pistol ("Firearm-3"), loaded with 9 rounds of .45 caliber ammunition; and miscellaneous documents, including what appeared to be a drug ledger.

The above firearms were not manufactured in New York State.

**The Relevant Statutory Provisions**

For Counts One, Two, and Three, of which Lights was found guilty, the maximum term of imprisonment is 10 years and the

9

maximum fine is $250,000. 18 U.S.C. § 922(g)(1), 3571(b). A special assessment of $100 is mandatory for each Counts One, Two, and Three. 18 U.S.C. § 3013. The court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). Counts One through Three are Class C felonies. 18 U.S.C. § 3559.

For Count Four, of which Lights was found guilty, the maximum term of imprisonment is five years and the maximum fine is $250,000. 21 U.S.C. § 841(b)(1)(D). A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The court must impose a term of supervised release of at least two years. 21 U.S.C. § 841(b)(1)(D). This offense is a Class D felony. 18 U.S.C. § 3559.

For Count Five, of which Lights was found guilty, the maximum term of imprisonment is 20 years and the maximum fine is $1,000,000. 21 U.S.C. § 841(b)(1)(C). The court must impose a term of supervised release of at least three years. 21 U.S.C. § 841(b)(1)(C). This offense is a Class C felony. 18 U.S.C. § 3559.

For Count Six, of which Lights was found guilty, the minimum term of imprisonment is 25 years and the maximum term is

life. 18 U.S.C. § 924(c)(1)(A). The maximum fine is $250,000. 18 U.S.C. § 3571(b). The court may impose a term of supervised release of not more than five years. 18 U.S.C. § 3583(b)(1). This offense is a Class A felony. 18 U.S.C. § 3559.

Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

The defendant is ineligible for probation because the Count Six offense is a Class A felony, thereby precluding the defendant from probation for Counts One through Five. 18 U.S.C. § 3561(a)(1), (3); 18 U.S.C. § 3559.

**The Guidelines**

The 2016 edition of the <u>United States Sentencing Commission Guidelines Manual</u>, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11. Counts One through Five are grouped for guideline calculation purposes ("Count Group One"). U.S.S.G. § 3D1.2(c)-(d). Pursuant to this grouping, Counts One through Three will be grouped under U.S.S.G. § 3D1.2(d), Counts Four and Five will be grouped under U.S.S.G. §3D1.2(d), and Counts One through Five will be grouped under U.S.S.G. § 3D1.2(c).

11

### Count Group One

The Guideline for a violation of 18 U.S.C. § 922(g)(1) is found in U.S.S.G. § 2K2.1. Pursuant to that section, the base level offensive is 20 because the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of a controlled substance offense. U.S.S.G. § 2K2.1(a)(4)(A). The offense involved at least three but no more than seven firearms. A two-level increase is warranted, pursuant to U.S.S.G. § 2K2.1(b)(1)(A). According to U.S.S.G. § 2K2.1(b)(6)(B), the offense level is increased by four levels because the defendant possessed the firearms in connection with another felony offense (the drug counts). Per the Guideline Manual, the total offense level for Count Group One is therefore 26. U.S.S.G. § 2K2.1(b)(1)(A).

### Count Six

Count Six carries a mandatory and consecutive 25-year term of imprisonment, which is to follow any term of imprisonment imposed upon the defendant. The guideline under U.S.S.G. § 2D1.1 produces an offense level of 16. Based on the Drug Equivalency Tables, the total number of oxycodone pills (166 10-milligram pills, and 62 20-milligram pills) is equivalent to 19.4

12

kilograms of marijuana. The five pounds of marijuana is equivalent to 2.268 kilograms of marijuana, for a total of 21.668 kilograms of marijuana. The guideline under U.S.S.G. § 2K2.1 produces offense level 26, which is the higher offense level.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report, the Court finds that the Defendant's age and the cost of imprisonment warrant variance from the applicable sentencing guideline range; however, the Court is bound by the minimum sentence required by statute.

13

**The Sentence**

For the instant offenses, Carl Lights shall be sentenced to 25 years' imprisonment.

The term of imprisonment shall be followed by a term of three years of supervised release on all counts to run concurrently. As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not unlawfully possess a controlled substance.

(3) Refrain from any unlawful use of a controlled substance.

(4) Cooperate in the collection of DNA, as directed by the probation officer.

The standard conditions of supervision (1-13) apply with the following special conditions:

(1) Defendant will participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether Defendant has reverted to using drugs or alcohol. Defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence

14

investigation report, to the substance abuse treatment provider.

(2) Defendant must participate in an outpatient mental health treatment program approved by the United States Probation Office. Defendant must continue to take any prescribed medications unless otherwise instructed by the health care provider. Defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

(3) Defendant must submit his person, residence, place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the Defendant's probation/supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant must inform any other residents that the premises may be subject to search pursuant to this condition.

It is further ordered that Defendant shall pay to the United States a special assessment of total of $600, which shall be due immediately.

Because the Defendant does not have the ability to pay a fine, the fine has been waived in this case.

The Defendant is not a candidate for voluntary surrender.

It is so ordered.

New York, NY
September 14, 2017

                                              ROBERT W. SWEET
                                                  U.S.D.J.